IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELODY RUSSELL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-16-1286 |
| GIANT, et al., | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Melody Russell's self-represented Complaint (ECF No. 1), Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), Motion for Preliminary Injunction (ECF No. 3), and Motion to Amend/Correct Name and Addresses (ECF No. 4). Because Russell's financial affidavit demonstrates she is eligible to proceed as an indigent, the Court will grant her Motion for Leave to Proceed in Forma Pauperis. The Court will also grant Russell's Motion to Amend. For the reasons outlined below, however, the Court lacks jurisdiction over this matter and will dismiss Russell's Complaint without prejudice and deny her Motion for Injunctive Relief without prejudice.

Russell brings this action "under appropriate laws, including 42 U.S. Code § 1983." (Compl. ¶ 2, ECF No. 1). She sues Giant, Inc., a Maryland Corporation, Joseph Hoffman, a Giant store manager, Wolfe Security, a security company located in Maryland that provides security services for Giant, and Dereck Johnson, a Wolfe Security employee. (Id. ¶¶ 5–8).

Russell alleges that on April 27, 2016, she was "unlawfully detained against her will" for one hour by Hoffman and Johnson at the Giant store located at 7382 Baltimore Annapolis Boulevard in Glen Burnie, Maryland. (Id. ¶¶ 9, 13). She maintains she was wrongfully accused of theft and "profiled" based on her "race, gender, and build." (Id. ¶ 10). Russell asserts she feared for her life during the detention because Johnson had a weapon holstered on his hip and "behaved as if he were

an actual law enforcement officer."  (Id. ¶ 11).  She does not allege, however, that Johnson was actually a law enforcement officer.  Russell accuses Hoffman and Johnson of trying to bully her into showing them personal items she had brought into the store with her.  (Id. ¶ 12).  Russell called the Anne Arundel County Police, and they "found that [she] did no wrong, and that the Defendants did violate her rights."[1]  (Id. ¶ 14).  Russell seeks "actual and statutory damages."  (Id. at 4).

Because she seeks to proceed in forma pauperis, the Court must screen Russell's Complaint. See 28 U.S.C. § 1915(e)(2)(B) (2012); Michau v. Charleston Cty, 434 F.3d 725, 728 (4th Cir. 2006). The Court may consider subject-matter jurisdiction as part of its screening.  See Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court.").

"Federal courts are courts of limited jurisdiction." Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432 (4th Cir. 2014) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  Federal district courts have original jurisdiction over civil actions that arise under federal law, 28 U.S.C. § 1331 (2012), or have an amount in controversy exceeding $75,000, exclusive of interests and costs, and complete diversity of citizenship, 28 U.S.C. § 1332(a) (2012).

Russell asserts no basis for diversity or federal-question jurisdiction over this matter.  She fails to allege an amount in controversy or that there is complete diversity among the parties.  As for federal-question jurisdiction, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a federal law of federal constitutional right.  See Baker v. McCollan, 443 U.S. 137, 140 (1979).  Section 1983 establishes a cause of action against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within

---

[1] Russell does not assert what rights were purportedly violated.

2

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  Section 1983, however, "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker, 443 U.S. at 144 n.3).

Although the Complaint cites a federal statute—42 U.S.C. § 1983—it does not name any Defendant who is a state actor.  Rather, Defendants are Maryland corporate entities and individuals in their employ.  Further, nowhere does the Complaint specify what constitutional rights or federal law Defendants allegedly violated.  Thus, the Court concludes there is no basis for federal-question jurisdiction.

Accordingly, because the Court lacks subject-matter jurisdiction over this case, it will dismiss Russell's Complaint (ECF No. 1) without prejudice and deny Russell's Motion for a Preliminary Injunction (ECF No. 3) without prejudice.  To the extent Russell may have claims arising under state law, she may pursue them in state court as appropriate.  A separate Order follows.

Entered this 16th day of August, 2016

/s/
_____
George L. Russell
United States District Judge